USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOLAR PROJECTCO 6, LLC,

              Plaintiff,

        -against-

SPARK ENERGY, LLC,

              Defendant.

1:20-cv-08709-MKV

ORDER

---

MARY KAY VYSKOCIL, United States District Judge:

On October 22, 2020, Plaintiff commenced this action by filing a redacted Complaint via ECF [*see* ECF No. 1]. Plaintiff thereafter determined that no redactions were warranted and sought Defendant's acquiescence to file publicly an unredacted Complaint. Without waiting for a response, Plaintiff now moves *ex parte* for a Temporary Restraining Order ("TRO") authorizing the filing of an unredacted Complaint. Plaintiff's request for a TRO is DENIED without prejudice.

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). A plaintiff seeking a preliminary injunction or TRO must show:

> (1) a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction.

*Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)). In part because it is often granted *ex parte*, "a TRO, perhaps even more so than a preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559,

565 (S.D.N.Y. 2016) (quoting *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (summary order)).

Plaintiff has not met its burden that it is entitled to a TRO.  First, Plaintiff has not shown why the Court should grant this application *ex parte* without notice to Defendant.  Second, Plaintiff has not even attempted to demonstrate a likelihood of irreparable harm in the absence of a TRO.  *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (second alteration in original) ("[W]e have stated that '[i]rreparable harm is the single most important prerequisite for the issuance of a preliminary injunction,' and that, accordingly, 'the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.'" (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005))).  Finally, while Plaintiff claims the redactions do not relate to sensitive business information, the Court cannot rule on the propriety of the redactions since it does not have an unredacted version of the Complaint to know exactly what has been redacted.  Accordingly, Plaintiff's request is denied.

Plaintiff shall serve (1) a copy of the Letter Motion, brought by Order to Show Cause, for a TRO [ECF No. 7] and (2) this Order on Defendant no later than 12:00 PM on October 23, 2020, and file proof of such service on ECF no later than 5:00 PM on October 23, 2020.  Defendant shall respond to Plaintiff's Letter Motion on or before October 29, 2020.  If Defendant does not object to the public filing of an unredacted Complaint, Plaintiff shall, within one week of Defendant's response, file an amended unredacted Complaint.

**SO ORDERED.**

Date:  October 22, 2020  
       New York, NY

*/s/ Mary Kay Vyskocil*  
**MARY KAY VYSKOCIL**  
**United States District Judge**